IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TIMOTHY J. BENTLEY, | ) | CV 09-01-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CONOCOPHILLIPS PIPELINE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 3, 2010, the Court ruled on three discovery motions filed by Plaintiff Bentley. The Court awarded each side fees and costs related to the motions. The Court also ordered each party to submit an affidavit in support of the amount sought within 7 days of the Order and objections within 10 days of the

1

Order.

On February 10, 2010, Bentley's counsel filed an affidavit seeking $29,487.95 in fees and costs. On that same day, ConcoPhillips' counsel filed an affidavit seeking $1,987.50. On February 16, 2010–thirteen days after the Order was issued–ConocoPhillips filed its objections. The objections are untimely, and thus are not considered.

Sua sponte, however, the Court notes Bentley's counsel seek compensation at the rate of $315 per hour. Their normal rates are at most $250 and $200 per hour. Counsel chose the inflated rate pursuant to a fee agreement with Bentley. That agreement provides they may seek to recover fees at the rate charged by the highest-billing ConocoPhillips attorney. Stearns Aff. ¶ 7 (dkt #56). ConocoPhillips' counsel charges $315 per hour.

The Federal Rules of Civil Procedure authorize "reasonable" costs and expenses, not those provided for in a fee agreement. Fed. R. Civ. P. 37(a)(5)(A). No explanation was given to explain how the rate of ConocoPhillips' counsel–who works in a different market and has more professional experience–is "reasonable" for Bentley's counsel. Moreover, the purpose of sanctions is "to protect courts and opposing parties from delaying or harassing tactics during discovery," Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 208 (1999), not

to serve as a revenue generating opportunity. Bentley's counsel should–at most–be compensated for the value of what was accomplished in light of all the circumstances of the case. The fees awarded consider Bentley's counsels' maximum rates of $250 and $200 per hour.

Bentley's counsel has also failed to explain how deposing Pearce and Miller are fees and costs related to the Court's Order. Those individuals were not previously deposed. Deposing them is not causally related to ConocoPhillips' discovery objections. Thus, the $4000.00 sought to depose those employees is not awarded. The balance of the request, $18,925.95 far exceeds the value of the controversy.

Accordingly, IT IS HEREBY ORDERED that Bentley is entitled to fees and costs in the amount of $9,500.00.[1]

---

[1] The amount claimed is set forth below:

| Activity/Description | Hour Calculation | Amount |
|---|---|---|
| Total Fees Sought for Recovery Based on the Court's Order and the Estimated Time Spent on Matters for Which Attorney Fees Were Awarded | 36.6 hrs X $200/hr<br>30.2 hrs X $250/hr | $7,320.00<br>$7,550.00 |
| Total Costs Sought (Westlaw, transcript, copy costs): | | $1,165.00 |
| Adria Kassion/Paralegal Rate | 7.0 hrs X $80/hr | $560.00 |
| Total Anticipated Attorneys' Fees for Steve Thomas' Second Deposition | 6.0 hrs X $250/hr | $1,500.00 |
| Total Anticipated Costs for Steve Thomas' Second Deposition: | | $830.95 |
| | **TOTAL** | **$18,925.95** |

IT IS FURTHER ORDERED that ConocoPhillips is entitled to fees and costs in the amount of $1,987.50.

Dated this 28th day of April, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT